UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANGELA STALEY,<br><br>             Plaintiff,<br>   v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br>U.S. BANCORP,<br><br>             Defendant. | Case No. 1:10-cv-00591-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it Defendant's Pre-Trial Motions in Limine (Dkt. 48), Defendant's Motion in Limine Regarding Undisclosed Witnesses (Dkt. 58), and Plaintiff's Motion in Limine Regarding Undisclosed Exhibits (Dkt. 68).

# ANALYSIS

**1.    Motion In Limine Regarding Undisclosed Exhibits (Dkt. 68)**

Staley asks the Court to prohibit U.S. Bank (the "Bank") from introducing as exhibits at trial documents USB00013, USB00013A, USB00014 and USB001666. Staley contends that they were not timely disclosed in discovery.

As explained in this Court's orders addressing the earlier motions in limine, Federal Rule of Civil Procedure 37(c) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was

MEMORANDUM DECISION AND ORDER - 1

substantially justified or is harmless." Fed. R. Civ. P. 37(c). Rule 26(a), of course, deals with required disclosures, and Rule 26(e) deals with supplementing those disclosures.

Alternative sanctions to disallowing such evidence includes: (A) payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) informing the jury of the party's failure; and (C) imposing other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(c)(1)(A)-(C). The sanctions listed in Rule 37(b)(2)(A)(i)-(vi) include: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; [and] (vi) rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

Here, Staley explains that she made two relevant requests in her first set of discovery requests – she asked for all policies and procedures regarding her employment, and she asked for all training materials regarding travel expenses. *Casperson Aff.*, Ex. A, Dkt. 56-1. She later asked for an electronic copy of the computer program used by the Bank at the time of her termination for reporting travel-related expenses. *Casperson Aff.*, Ex. A, Dkt. 69-1.

A. Document USB00013A

With regard to the first requests, the Bank produced a number of documents including two pages of a document called the "Travel Related Meals Policy & Reimbursement Procedures." They were produced on July 11, 2011. On January 14, 2013, three weeks before trial, the Bank produced a three-page document – USB00013, USB00013A, USB00014 – via email indicating that it intended to introduce it at trial. The Bank indicated that it was the "2009-06-01 Travel Related Meals Policy & Reimbursement Procedures." Documents USB00013 and USB00014 are apparently the same as, or similar to, the two pages previously produced. However, document USB00013A is a third page which was not produced until the January 14 email.

The Bank does no dispute that the third page is responsive to the discovery request. Instead, the Bank suggests that "[d]ue to an apparent clerical or compilation error during U.S. Bank's initial production of documents, the second page was not produced. Upon recognizing that the Travel Related Meals policy document that was previously produced did not include one of the pages, and for that sake of presenting a complete proposed exhibit, U.S. Bank produced page 2 as USB00013A." *Def's Response*, p. 2, Dkt. 76. The Bank therefore claims that its late disclosure was substantially justified.

As expressed in this Court's earlier order addressing similar motions in limine, the Court is deeply concerned about the Bank's discovery abuses in this case. If this were the Bank's only oversight, the Court would give the Bank the benefit of the doubt and deal with the late disclosure by simply giving Staley's counsel some leeway when addressing the exhibit at trial – maybe allowing counsel to question a relevant witness outside the

MEMORANDUM DECISION AND ORDER - 3

presence of the jury prior to that witness's testimony. However, the Court cannot give the Bank the benefit of the doubt here. The number of late disclosures, and the clear relevance and importance of much of the information produced in those late disclosures, troubles the Court. Staley's counsel did not have the opportunity to ask questions either in depositions or supplemental discovery requests about clearly relevant documents, including USB00013A, because of the late disclosures. Thus, the late disclosure was not harmless.

Accordingly, the Court will grant the motion in limine as to document USB00013A. The Court is not certain whether it will prohibit the Bank from introducing the bookends for that document – documents USB00013 and USB00014. The Court is not altogether certain whether those are the same documents which were disclosed earlier, simply reproduced to make the exhibit whole, or if they are documents never before produced. Counsel may take this up with the Court during trial, but for now the Court will reserve ruling on those two documents.

  **B.**  **Document USB001666**

Staley next suggests that USB001666 is an additional screen shot from the Bank's Concur Expense System which was not timely produced with other screen shots. The Bank states that it is not a substantive exhibit, but merely an illustrative exhibit which will be used to aid the jury in its discussion about the expense system. Without seeing the document, or understanding it within the context of testimony, the Court cannot make a ruling at this point. If it is, in fact, another screen shot which should have been produced

**MEMORANDUM DECISION AND ORDER - 4**

when the other screen shots were produced, the Bank will be prohibited from using it at trial. Counsel may take this up with the Court during trial prior to the exhibit being used.

**2.      Motion in Limine Regarding Undisclosed Witnesses (Dkt. 58)**

The Bank asks the Court to prohibit Laura Pierce, Susan Risner, Melody Rogers, and Jennifer Hogaboom from testifying at trial. In May 2011, the Bank asked Staley in discovery to identify each lay witness she may call at trial. *Olsson Aff.,* Ex. A, Dkt. 58-3. In response, Staley indicated that she had not yet made that decision, but pointed the Bank to her response to a separate interrogatory where she listed individuals having knowledge of the case. *Olsson Aff.,* Ex. B, Dkt. 58-4. The four witnesses listed above were not on that list, and they were never disclosed in supplemental responses.

In its pretrial order, the Court ordered the parties to exchange witness lists on or before December 21, 2012. Dkt. 42. Staley filed her witness list on that day, under seal as required by the rules, which meant that the Bank's counsel could not access it. (Dkt. 55). The Bank also filed its witness list that day, under seal. (Dkt. 43). There is no dispute that Staley's counsel sent a Fed Ex package to the Bank's counsel with other documents which were required to be disclosed that day, but there is some dispute about whether Staley's counsel included the witness list in the package. On the one hand, counsel for the Bank indicates that the package did not include the witness list. *Olsson Aff.,* Dkt. 58-2. On the other hand, Staley's Counsel's assistant testifies that she placed a copy of the witness list in the Fed Ex package, and that she double-checked to make sure it was in there before mailing it. *Gneiting Aff.,* Dkt. 73-2.

Regardless, the Bank's counsel notified Staley's counsel that she had not received the witness list on January 5, 2013. *Olsson Aff.,* Dkt. 58-2. On January 7, 2013, Staley's counsel provided an electronic copy of the witness list to the Bank's counsel. *Olsson Aff.,* Dkt. 58-2.

The Court cannot resolve the factual dispute over whether the witness list was inadvertently left out of the Fed Ex package or lost upon opening it. But that does not matter here. Staley's counsel provided the list to the Bank's counsel immediately upon hearing that it was lost. Whether it was inadvertently left out of the package or lost upon receipt of the package does not determine whether the four witnesses listed above may be called as trial witnesses.

The real question is whether Staley should have disclosed the names of these witnesses before the witness disclosure deadline. As explained above, there is no question that the Bank requested a list of individuals with knowledge of the case, or that Staley admits these four witnesses fall into that category.

However, in its very first set of discovery requests, Staley asked the Bank to identify any person with knowledge of the facts and circumstances relevant to this case, as well as other employees who had received any level of disciplinary action based upon an alleged misuse of a corporate credit card. *Casperson Aff.,* Ex. A, 56-1. The Bank did not provide Staley with the names of the four individuals at issue here. Instead, Staley's counsel discovered these individuals just a few weeks before the witness list disclosure deadline after she listened to the audio recording of the Ninth Circuit arguments for a

similar case against the Bank filed in the District of Idaho. *Casperson Aff.,* Dkt. 73-1. That case is *Brockbank v. U.S. Bank,* Case No. 1:09-cv-00037-EJL-CWD. After listening to the audio, Staley's counsel found the depositions of these four individuals in the docket of that case. *Id.* Upon review of the arguments and depositions, Staley's counsel determined that the four individuals had information about others who misused corporate credit cards at the Bank.

Apparently the Bank had the same counsel in the *Brockbank* case as it has here. *Id.* Thus, it seems clear that the Bank and its counsel knew about these individuals long ago. Accordingly, even if Staley could have disclosed these individuals to the Bank sometime during the few weeks between when she first learned about them and the witness disclosure deadline, the short delay is harmless. For that reason the motion will be denied.

Moreover, the Bank's counsel does not necessarily deny that she and the Bank knew about these individuals. Instead, the Bank asserts that the four individuals were not individuals with knowledge of this case, and that the persons identified by these individuals were not the subject of an investigation, discipline or termination. In support of that argument, the Bank has provided the Court with information about their testimony in the other case.

The Bank attempts to minimize the significance of that testimony by suggesting that their testimony is best characterized as "vague," and that the four individuals did not have information specific to this case. *Def's Reply Brief,* p.5, Dkt. 77. For example, the

MEMORANDUM DECISION AND ORDER - 7

Bank explains that Hogaboom identified only one person who inadvertently used the company credit card, and she only stated that "generally" when such accidental use occurred, the employee did not seek reimbursement. *Def's Reply Brief,* p.4, Dkt. 77. Likewise, the Bank suggests that when Pierce was questioned about another employee's one inadvertent use of his corporate credit card, she stated that he paid off that charge "when it was brought to his attention." *Id.* Pierce also generally noted that she was aware that inadvertent use of corporate credit cards occurred, but she did not identify any employees disciplined or terminated for misuse. *Id.* Rogers made similar statements. *Id.* Finally, the Bank acknowledges that Risner noted that she once inadvertently purchased gas, but paid it off and notified her supervisor the next day. *Id.* at p.5. Her supervisor appreciated her pro-active approach and told her to make sure it cleared at the end of the month. *Id.*

Although the Bank may characterize this testimony as vague, a jury may not see it that way. It may be important to the jury that misuse of a credit card was "brought to the attention" of other employees who were given an opportunity to pay it off. Additionally, earlier this week, the Ninth Circuit affirmed in part and reversed in part the District Court's grant of summary judgment to the Bank in the *Brockbank* matter. In that decision, the Ninth Circuit noted that Hogaboom "testified that a 'slew' of employees mistakenly used their cards, including Judy Rudd, who charged business suits to her card, but no one else was ever terminated." *Brockbank v. U.S. Bank,* Case No. 1:09-cv-00037-EJL-CWD, Dkt. 92, p. 7, Ninth Circuit Case No. 11-35618 (unpublished).

**MEMORANDUM DECISION AND ORDER - 8**

It seems that at least some of the individuals mentioned in this testimony were given what amounted to a verbal warning, which is some level of discipline. At the very least, it seems clear that these four individuals had information relevant to this case – that is, they had information of other employees who misused their corporate credit cards, but were not terminated. While it may have been overly burdensome to require the Bank to search out every employee who knew about another employee who had misused his/her corporate credit card without being disciplined, the names of these individuals and the information they had about misuse of corporate credit cards was readily apparent to both the Bank and its counsel because it was addressed in the *Brockbank* case while discovery in this case was underway. Since the Bank's zero tolerance policy appears to be the central issue in this case, the Bank was clearly under a duty to disclose these individuals as having knowledge of facts and circumstances relevant to this case.

Therefore, the Court also finds that it was the Bank, not Staley, who failed to adequately respond to a discovery request by not identifying these four individuals. This is yet another instance of a discover abuse by the Bank.  This trend is very troubling to the Court.

Of further note, the Court noticed that the Ninth Circuit inserted a footnote after referencing Hogaboom's testimony in the *Brockbank* decision. In that footnote, the Ninth Circuit stated that "[d]uring her deposition, Darlene Bills could not name anyone who had been terminated for credit card misuse, although she did recall two such instances. After discovery closed, and in support of summary judgment, she provided a declaration

**MEMORANDUM DECISION AND ORDER - 9**

naming three people, but given the timing, Brockbank had no chance to crossexamine her as to the full circumstances of those employees' termination." *Id.* This sounds all too familiar to this Court. Without reading too much into that footnote, it appears that the Bank's discovery abuses may go beyond this case.

**3.      U.S. Bank's Motions in Limine (Dkt. 48)**

In its final motion in limine, the Bank makes three requests: (1) an order allowing the Bank to present a summary of the information from the personnel files of other Bank employees regarding termination of those employees because of misuse of corporate credit cards; (2) an order preventing Staley and her counsel from referencing a document entitled "Leader's Guide to Managing Salary Expenses During an Economic Downturn;" and (3) an order preventing Staley from introducing hearsay testimony regarding the use of Bank corporate credit cards by other employees for which she has no personal knowledge.[1]

**A.      Summary Exhibit.**

The Court has already addressed some of the details related to the summary in its earlier decision on Plaintiff's Motion for Sanctions/In Limine (Dkt. 63). The Court will not repeat those details here. Suffice it to say that the Court was concerned with the Bank's late disclosure of the documents underlying the summary, especially since information about other employees being given warnings contained in those documents is

---

[1] The Bank initially also asked the Court to prohibit Staley from admitting certain expert opinion, but counsel for the parties informed the Court informally that the issue had been resolved.

so crucial to this case. Moreover, the Court was concerned that the summary did not contain any reference to critical information about the prior warnings.

The Bank now wants the Court to allow it to present that summary to the jury. Federal Rule of Civil Procedure 1006 states that a party may use a summary to prove content of voluminous writings which cannot be conveniently examined in court. Fed. R. Civ. P. 1006. The proponent of a summary exhibit "must establish a foundation that (1) the underlying materials on which the summary exhibit is based are admissible in evidence, and (2) those underlying materials were made available to the opposing party for inspection." *Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996). Additionally, although the Court could not find a Ninth Circuit case directly on point, other circuits have noted the obvious – "a summary document must be accurate and nonprejudicial." *U.S. v. Bray*, 139 F.3d 1104, 1110 (6th Cir. 1998) (citing *Gomez v. Great Lakes Steel Div., Nat'l Steel Corp.*, 803 F.2d 250, 257 (6th Cir.1986). "This means first that the information on the document summarizes the information contained in the underlying documents accurately, correctly, and in a nonmisleading manner." *Id*.

Here, based upon the information addressed in the Court's earlier decision, the Court is concerned that the summary is not accurate – or at least not complete. Accordingly, the Court will not issue an order allowing the Bank to present that summary to the jury at this point. The Court may need to address this issue again during trial where it can inspect the documents referenced by Staley to determine whether or not they should have been included in the summary. Thus, the Court is not necessarily ruling that

the summary cannot be presented to the jury, but the Court likewise cannot say that it can.

### B.     Leader's Guide

The Bank asks the Court for an order preventing Staley and her counsel from referencing a document entitled "Leader's Guide to Managing Salary Expenses During an Economic Downturn." The Bank asserts that there is no foundation that any of the decisionmakers relied upon the document in their decision to terminate Staley. The Bank further asks the Court to order counsel not to refer to the document by name until and unless the document is admitted.

At this point, the Court cannot make a final determination on whether there is proper foundation to admit the document. The Court must hear the evidence before it can make that determination.

However, the Court will caution counsel not to make gratuitous comments about the document unless and until it is admitted. If there is foundation for the document, counsel should be able to lay that foundation without mentioning the document by name. The Court will rule upon its admissibility at trial.

### C.     Hearsay Testimony

Finally, the Bank asks the Court for a general order prohibiting Staley from introducing hearsay testimony about other employees' use of corporate credit cards. The Court cannot make that decision in a vacuum. The Court will address hearsay objections as they arise during trial.

## ORDER

**IT IS ORDERED THAT:**

1. Defendant's Pre-Trial Motions in Limine (Dkt. 48) is **GRANTED in part** and **DENIED in part** as explained above.

2. Defendant's Motion in Limine Regarding Undisclosed Witnesses (Dkt. 58) is **DENIED**.

3. Plaintiff's Motion in Limine Regarding Undisclosed Exhibits (Dkt. 68) is **GRANTED in part**. The Court will reserve ruling on the remaining exhibits as discussed above.

DATED: January 31, 2013

B. Lynn Winmill
Chief Judge
United States District Court