UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANGELA STALEY,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br>U.S. BANCORP,<br><br>　　　　　　Defendant. | Case No. 1:10-cv-00591-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion in Limine Regarding the Scope of Similarly-situated Employees (Dkt. 50).

## ANALYSIS

Staley initially asked the Court to hold that the group of similarly-situated individuals with whom Staley's treatment is compared should be restricted to individuals who mistakenly misused their food travel allowance. Staley's counsel has since indicated she is withdrawing her argument that similarly-situated employees should be limited to misuse of travel allowances; she now is content with the comparator group including those who misused corporate credit cards generally. The Bank argues that the Court should only allow testimony about disciplinary measures given to other Bank employees who were the subject of internal, formal complaints that the employee violated its corporate credit card policy.

MEMORANDUM DECISION AND ORDER - 1

As an initial matter, the Court notes that it is not altogether clear exactly what Staley is asking for in her motion. It is not clear whether she is asking that certain evidence be admitted or excluded, that the Court give a certain instruction to the jury, or that the Court just give a general statement about similarly-situated employees in this case. Regardless, whether employees are similarly situated "is a fact-intensive inquiry, and what facts are material will vary depending on the case." *Hawn v. Executive Jet Mgmt., Inc.,* 615 F.3d 1151, 1157 (9th Cir. 2010). To be similarly situated, employees must be "similar in all material respects." *Id*. (internal quotation marks omitted). Ordinarily, the question of whether employees are similarly situated is a question for the jury. *Broich v. Incorporated Village of Southhampton,* 462 Fed.Appx. 39, 2 (2nd Cir. 2012) (citing *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 n. 2 (2d Cir.2001). Accordingly, the Court will deny the motion to the extend Staley is asking for the Court to make a decision which should be left to the jury.

However, the Court will give the parties some general guidance on the similarly-situated issue. This may assist the parties regarding the presentation of evidence more than anything. Exactly how the Court instructs the jury will of course depend to some degree upon the evidence presented at trial, but the Court will try to at least give the parties the benefit of its initial take on the matter.

In their briefs, each party takes a cramped view of who is similarly situated to Staley. First, the Court does not agree with Staley's assertion that the group of similarly-situated individuals should be limited to only those employees who "mistakenly" misused

**MEMORANDUM DECISION AND ORDER - 2**

their corporate credit cards. Staley may, of course, argue to the jury why she believes those who purposely misused their credit cards should not be considered similarly situated to Staley, but the Court will not exclude evidence about those individuals. If the Bank intends to argue, as it has thus far in this case, that it has a zero tolerance policy toward misuse of corporate credit cards, then similarly-situated employees could include other employees who misused their corporate credit cards – whether on purpose or by mistake.

However, the Court likewise will not limit the similarly-situated evidence only to other employees who were the subject of internal, formal complaints that they violated the corporate credit card policy as requested by the Bank. The Bank's emphasis on its zero tolerance policy belies that contention as well. In this regard, this case is not like *Hawn* when it comes to the importance of a formal complaint.

The Bank is correct that in *Hawn*, the Ninth Circuit indicated that it had distinguished misconduct by one employee from misconduct by another employee on the basis of whether it prompted complaints or consternation by other employees. *Hawn*, 615 F.3d at 1160. That made sense in *Hawn* because the allegations related to sexual harassment, which by definition impacts others. The court in *Hawn* explained its reasoning by citing to *Meyer v. California and Hawaiian Sugar Co.,* 662 F.2d 637 (9th Cir. 1981). In that case, the Ninth Circuit upheld summary judgment for an employer where a female plaintiff had been terminated after making racially disparaging remarks, even though male employees had also made racist remarks but received no discipline.

The court distinguished the two "because the female plaintiff's comments had such an adverse impact on minority employees that they impaired her usefulness in her sensitive duties in the Personnel Department and, coming from her, reflected unfavorably on the employer's policies toward its minority employees." *Hawn,* 615 F.3d at 1160. (Internal quotation omitted.)

Ultimately, in *Hawn,* the Ninth Circuit reasoned that where there was no evidence that the male employees' remarks provoked a vigorous reaction resulting from the plaintiff's comments, the other incidents were not such parallels to her case as to raise a genuine issue of pretext. *Id*. Finally, the court in *Hawn* acknowledged that "[t]he existence of a complaint may not always be material or determinative in light of the facts in a given case." *Id.*

The existence of a complaint is not a factor in this case. There is no suggestion that misuse of corporate credit cards has an adverse impact on other employees. Thus, whether other employees are similarly situated with Staley does not turn on whether the employees were the subject of internal, formal complaints that the employee violated the Bank's corporate credit card policy. Therefore, the parties will not be limited to introducing evidence of only those employees who were subjected to formal complaints and discipline.

Accordingly, the parties will generally be allowed to present evidence of other Bank employees who misused their corporate credit cards, whether on purpose or by

**MEMORANDUM DECISION AND ORDER - 4**

mistake, and whether or not a formal complaint was brought against them. Such evidence will, of course, need to be otherwise admissible under the Federal Rules of Evidence.

As for instructing the jury, the Court envisions an instruction which explains to the jury that whether employees are similarly situated is a fact-intensive inquiry, but that the employees must be similar in all material respects. *Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1157 (9th Cir. 2010). Material in this case means that they were Bank employees who were issued a corporate credit card, that they were subject to the Bank's policies regarding the use of their card, and that they misused that card by making unauthorized purchases in violation of the policy.

The Court recognizes that this issue may need further clarification as the case proceeds. Accordingly, the parties are encouraged to bring the matter to the Court's attention if and when necessary. It may even be beneficial to address the issue in open Court just before the plaintiff begins putting on her case so that the parties and the Court can make sure they are on the same page.

## ORDER

**IT IS ORDERED THAT:**

1. Plaintiff's Motion in Limine Regarding the Scope of Similarly-situated Employees (Dkt. 50) is **DENIED**.



DATED: February 1, 2013

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 6**